IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDITH HART,

     Plaintiff,

v.                                                                    CIV. NO. 05-519 WPL/DJS

FOREMOST SIGNATURE INSURANCE
COMPANY,

     Defendant.

**MEMORANDUM OPINION AND
ORDER DENYING MOTION FOR REMAND**

     Judith Hart purchased a mobile home insurance policy from Foremost Signature Insurance Company to provide insurance coverage for a mobile home located in Albuquerque, New Mexico. Hart claims that during the term of the policy the mobile home sustained a series of break-ins and acts of vandalism that damaged her property. Hart filed a first party insurance claim against Foremost, and Foremost denied her claim for damages. Hart subsequently filed suit against Foremost in the Second Judicial District Court, asserting separate counts for breach of written contract (seeking compensatory damages, attorney's fees and costs) and bad faith (seeking actual and punitive damages). Hart's Complaint does not specify the amount of damages she seeks to recover from Foremost.[1]

     Foremost removed Hart's case to federal court, asserting in the Notice of Removal of Cause [docket no. 1] that the parties are citizens of different states and that the amount in controversy

---

[1] Hart did, however, certify pursuant to Second Judicial District Court LR2-603 that she sought relief in excess of $25,000, exclusive of punitive damages, interest, costs and attorney fees.

exceeds $75,000. Asserting that Foremost has failed to establish the requisite amount in controversy, Hart has filed a Motion for Remand [docket no. 10], requesting that this case be remanded back to the Second Judicial District Court.

*Legal Standard for Remand*

A district court may assert its jurisdiction over a case between citizens of different states when the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C § 1332(a). The amount in controversy is ordinarily determined by the allegations of the complaint, or, where those allegations are not dispositive of that issue, by the allegations in the notice of removal. *Laughlin v. Kmart*, 50 F.3d 871, 873 (10th Cir. 1995).

Different standards of review apply depending upon where the case was originally filed. When a plaintiff files a case in federal court, the plaintiff's claimed amount of damages is presumed to support diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). Because the plaintiff chose a state rather than a federal forum, there is a strong presumption that the plaintiff has not claimed a large amount of damages in order to confer jurisdiction on a federal court. *Id*. In contrast, when a defendant removes a case from state court, the defendant's claim that the amount in controversy exceeds the jurisdictional amount does not enjoy the same presumption of accuracy that the plaintiff's claim does. *Id.* Where the plaintiff's damages are not specified in the complaint, at a minimum the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.* at 1290. There is a presumption against removal jurisdiction and the court must resolve all doubts about federal jurisdiction in favor of remand to the state court. *Laughlin*, 50 F.3d at 873; *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002).

*Determination of Amount in Controversy*

In her Complaint, Hart alleged that the mobile home was insured for $43,000, other structures were insured for $4,300, personal property inside the dwelling was insured for $21,500, and the policy provided $8,600 in additional living expense. Hart further alleged that Foremost hired an adjuster to inspect the damages to her property, and the adjuster estimated the damages to be in excess of $36,000 and determined the mobile home to be a total loss. Hart asserts separate counts for breach of written contract, seeking compensatory damages, attorney's fees and costs, and bad faith, seeking actual and punitive damages.

Foremost asserts that the potential coverage under the insurance policy totals $77,400, and that this total alone exceeds the jurisdictional limit. *See* Defendant's Response to Motion to Remand, p. 2. However, Hart is correct that she did not actually pray for damages in the amounts that appear on the policy disclosure sheet. *See* Brief in Support of Motion to Remand, p.6. A defendant may not view every dollar amount mentioned in the complaint as an item of damages unless the allegations make clear that the plaintiff is seeking to recover those amounts. *See Martin*, 251 F.3d at 1291. Therefore, the fact that the potential insurance coverage exceeds the jurisdictional amount is irrelevant.

In her claim for breach of contract, Hart seeks to recover her actual damages, plus attorney's fees and costs under N.M.S.A. 1978, § 39-2-1. Concerning the claim for actual damages, Hart admits that the adjuster estimated that her damages exceed $36,000. Concerning the claim for attorney's fees, I think it is fair to assume that Hart's recovery for attorney's fees would be between $10,000 and $15,000.

In her claim for bad faith, Hart seeks to recover both actual and punitive damages. As the

Committee Commentary to UJI Civ 13-1712 recognizes, the primary loss in a case alleging failure to pay policy proceeds is the amount recoverable under the insurance policy. Although Hart may also recover incidental or consequential damages, those damages are limited to those reasonably contemplated by the parties. *See* UJI Civ 13-1716.

Hart's claim for punitive damages is more difficult to value. In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), the United States Supreme Court reversed an award of $145 million in punitive damages when the plaintiff received a $1 million compensatory award. The Court held that the Due Process Clause prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor, and stated that "few awards exceeding a single-digit ratio between punitive damages and compensatory damages, to a significant degree, will satisfy due process." *Id*. at 425. A larger ratio may be approved when there are small compensatory damages but a particularly egregious act, *see*, *e.g., Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672, 678 (7th Cir. 2003) (Court upholds an award of $186,000 in punitive damages when the compensatory damages are $5,000, a ratio of 37 to 1), while a lesser ratio may be appropriate when compensatory damages are substantial. *State Farm*, 508 U.S. at 425. While Hart belatedly argues that "a request for punitive damages is nothing more than a pure gamble," *see* Brief in Support of Motion to Remand, p.7, I will assume for Rule 11 purposes that Hart has asserted her claim for punitive damages in good faith. Utilizing a one to one ratio, Hart's claim for punitive damages totals at least $36,000.

To determine the amount in controversy, all claims of a single plaintiff against a single defendant may be aggregated. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3rd Cir. 2002); *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998). However, under the

present facts Hart cannot recover more than one compensatory-damage award. *See McGinnis v. Honeywell, Inc.*, 110 N.M. 1, 8, 791 P.2d 452, 459 (1990). Aggregating the claims for actual damages, attorney's fees and punitive damages under both counts, Foremost has established by a preponderance of the evidence that Hart's claims exceed the sum of $75,000.

 IT IS THEREFORE ORDERED that Hart's Motion to Remand is hereby denied.

                _____
                WILLIAM P. LYNCH
                UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.